# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Doressia McKee,**

      **Plaintiff,**

**v.**                                                        **Case No. 12-2577-JWL**

**P&A Investments, LLC; and**
**Wichita Inn North, LLC,**

      **Defendants.**

## MEMORANDUM & ORDER

On October 22, 2013, Magistrate Judge Waxse directed plaintiff to show good cause to the court by November 5, 2013 why her case should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the court's Amended Scheduling Order and for failure to prosecute her case. As noted by Judge Waxse, plaintiff failed to make any effort to complete her portion of the proposed pretrial order despite the court's order that she do so and failed to make herself available by telephone for the final pretrial conference (in fact, the phone number she provided to the court is out of service).

Plaintiff has not responded to the order to show cause nor has she contacted the court in any respect. Moreover, defendants, on October 15, 2013, filed a joint motion to dismiss plaintiff's complaint with prejudice. Defendants' certificate of service reflects that the motion was sent to plaintiff via email as well as certified mail. Plaintiff's response to the motion was due on November 5, 2013 and she has not filed a response nor contacted the court in any way about an extension. Defendants indicate in the motion that they have had no contact with

plaintiff since her counsel withdrew from the case in June 2013. According to defendants, plaintiff has not responded to discovery requests and has not responded to requests concerning the completion of the proposed pretrial order. Defendants, then, seek dismissal of plaintiff's complaint pursuant to Rule 41(b).

The court hereby dismisses plaintiff's complaint with prejudice for two independent reasons. The court dismisses the case pursuant to Rule 41(b) for the reasons set forth in Judge Waxse's show cause order plus plaintiff's failure to respond to that order. The court also dismisses the case pursuant to Local Rule 7.4(b) based on plaintiff's failure to respond to defendants' motion to dismiss. The record reflects that plaintiff has no interest in pursuing her case despite ample notice from Judge Waxse that her case was subject to dismissal. In such circumstances, allowing plaintiff's case to linger on the docket would prejudice defendants in terms of continued time and expenses incurred and would interfere with the judicial process in terms of docket management and the need for finality to litigation. In other words, the court should not have to continue to manage this case on its docket when plaintiff herself has taken no initiative to keep the case on the court's docket.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion to dismiss plaintiff's complaint with prejudice (doc. 47) is granted as unopposed and plaintiff's complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated this 7th day of November, 2013, at Kansas City, Kansas.

                                              s/ John W. Lungstrum  
                                              John W. Lungstrum  
                                              United States District Judge